PIERCE, Justice,
dissenting:
¶ 28. The majority opinion holds that, in instances where the State’s expert witness is the sole connection between the defendant and the crime, the trial court must provide the defendant funding for an “independent defense expert” to aid in forming its defense, and denial deprives the defendant of a fair trial. It is well-established that no bright-line rule exists; thus we must decide on a case-by-case basis whether funding an expert is required. King v. State, 960 So.2d 413, 421 (Miss.2007) (citing Harrison v. State, 635 So.2d 894, 901 (Miss.1994) (quoting Johnson v. State, 529 So.2d 577, 590 (Miss. 1988))). I do not agree that the expert testimony alone was the only evidence connecting Lowe to the crime; therefore, I do not believe the facts of the case before us necessitate implementing such a far-reaching principle. Ake v. Oklahoma, 470 U.S. 68, 87, 105 S.Ct. 1087, 1098, 84 L.Ed.2d 53 (1985) (Rehnquist, J., dissenting stating the majority’s holding was too broad and should be limited in scope not to encompass a mere “defense consultant”).
¶ 29. I disagree with the majority’s determination that the probable value of an independent defense expert, in this case, weighs heavily in favor of a substantial need for a state-funded defense expert when considering: (1) the overwhelming evidence presented against Lowe, (2) defense counsel’s ability to present evidence in Lowe’s favor, and (3) defense counsel’s ability to adequately cross-examine the State’s expert.
¶ 30. The evidence presented showed Lowe owned the computer, and although *185 he shared the use of the computer, he had the ability to possess the computer when he so desired. Lowe had a password-protected user account on the computer entitled “Muzicman,” which the computer forensic examiner testified was the account used to download the images. The expert and the sheriff confirmed that an investigation revealed many available unprotected WiFi networks at and around Lowe’s place of employment, one of which was the McDonald’s network used to download the images. Lowe’s employer testified that Lowe was present at work on the day the images were downloaded. Lowe’s employer stated that Lowe was a “reliable punctual employee” until July 1, 2009, when he ceased working without notice and did not return. Lowe abruptly fled to California during the time investigators were seeking to obtain the computer.
¶ 31. Evidence also was presented by the defense that substantially supported Lowe’s innocence. The computer was not in Lowe’s possession when obtained by investigators, Lowe’s employer had never personally seen him with a computer, the computer was shared with other individuals, and the computer forensic expert stated that it was possible that someone other than Lowe could have downloaded the images on the computer. King v. State, 960 So.2d at 422-423 (defendant was not supplied his own defense expert because the State’s expert rebutted the State’s argument during cross-examination by conceding that a alternate possibility existed) (citing Holland v. State, 705 So.2d 307, 333 (Miss.1997)).
¶ 32. Defense counsel admitted that he had met with the expert prior to trial. The expert provided testimony to rebut the State’s argument, and a review of the record supports that the defense attorney was not weakened in his abilities to cross-examine or prepare for the defense. Therefore, because the expert rebutted the State’s argument, there is no indication of bias or prejudice on the part of the expert witness. Further, there is no indication that a defense expert would have provided additional information supporting the premise that someone other than Lowe downloaded the material.
¶ 33. Accordingly, I respectfully dissent from the majority’s opinion, because these facts do not support that a substantial need existed for a State-funded defense expert nor that Lowe was denied a fundamentally fair trial.
RANDOLPH, P.J., JOINS THIS OPINION.